Electronically Filed - Platte - March 21, 2019 - 10:59 PM

IN THE CIRCUIT COURT OF PLATTE COUNTY
STATE OF MISSOURI

AARON BLANK,

and

KARLA GUNNER,

Plaintiffs,

v.

RESORT LIFESTYLE COMMUNITIES, INC.,
Serve Registered Agent at:
Breck C. Collingsworth
7101 S. 82nd St.
Lincoln, NE 68516

and

RIVERSTONE RETIREMENT COMMUNITY, LLC,
Serve Registered Agent at:
Registered Agent Solutions, Inc.
3225-A Emerald Ln.
Jefferson City, MO 65109

Defendants.

**JURY TRIAL DEMANDED**

Case No.

Division

PETITION FOR DAMAGES

COME NOW Plaintiff Aaron Blank ("Plaintiff Blank") and Plaintiff Karla Gunner ("Plaintiff Gunner") (collectively, "Plaintiffs"), by and through undersigned counsel, and for their causes of action against Defendant Resort Lifestyle Communities, Inc. ("Defendant Resort") and Defendant Riverstone Retirement Community, LLC ("Defendant Riverstone") (collectively, "Defendants"), state to this Honorable Court as follows:

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

## Parties

1. Plaintiff Blank is a natural person and resident of the state of California who is, and at all times relevant herein was, the spouse of Plaintiff Gunner.

2. Plaintiff Gunner is a natural person and resident of the state of California who is, and at all times relevant herein was, the spouse of Plaintiff Blank.

3. Defendant Resort is a corporation, incorporated and existing under the laws of and in good standing with the state of Nebraska, with six (6) or more employees and transacting and/or doing substantial, continuous, and systematic business, at all times relevant herein, in the state of Missouri at the location of 9000 North Congress Avenue, Kansas City, Platte County, Missouri 64153.

4. Defendant Riverstone is a limited liability company, organized and existing under the laws of and in good standing with the state of Nebraska and registered as a foreign limited liability company and in good standing with the state of Missouri, with six (6) or more employees and transacting and/or doing substantial, continuous, and systematic business, at all times relevant herein, in the state of Missouri at the location of 9000 North Congress Avenue, Kansas City, Platte County, Missouri 64153.

5. Defendant Resort owns, operates, and/or otherwise controls Defendant Riverstone, such that both Defendants have the power, with respect to employees working at Defendants' location of 9000 North Congress Avenue, Kansas City, Platte County, Missouri 64153 ("Defendants' location"), to hire and fire employees, supervise and control employees' schedules and conditions of employment, determine employees' wages and

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

methods of payment, and maintain records related to employees' employments and had such power at all times relevant herein.

Jurisdiction and Venue

6. The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

7. Plaintiffs causes of action arise out of unlawful discriminatory and retaliatory practices that occurred, as alleged herein, in Platte County, Missouri.

8. On December 21, 2018, the Missouri Commission on Human Rights (the "MCHR") issued to Plaintiff Blank a letter indicating his right to bring a civil action against Defendants within ninety (90) days of such notice. (*See* "Exhibit 1," attached hereto and hereby incorporated as if fully set forth herein.)

9. On December 21, 2018, the MCHR issued to Plaintiff Gunner a letter indicating her right to bring a civil action against Defendants within ninety (90) days of such notice. (*See* "Exhibit 2," attached hereto and hereby incorporated as if fully set forth herein.)

10. This action is hereby commenced within ninety (90) days of the MCHR's issuances to Plaintiffs letters indicating their rights to bring a civil action against Defendants within ninety (90) days of such notices.

11. Thus, jurisdiction and venue are proper in Platte County, Missouri, pursuant to RSMo. §§ 508.010 and 213.111.1.

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

Permissive Joinder of the Parties

12. The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

13. Plaintiffs assert rights to relief against Defendants in respect of and/or arising out of the same transaction, occurrence, or series of transactions or occurrences, and questions of law and/or fact common to Plaintiffs and Defendants will arise in this action, as set forth herein.

Administrative Procedures

14. The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

15. On September 13, 2017, Plaintiff Blank timely filed with the MCHR and the Equal Employment Opportunity Commission (the "EEOC"), by way of the EEOC, a Charge of Discrimination alleging violation by Defendants of the Missouri Human Rights Act, RSMo. § 213.010 *et seq.* (the "MHRA"), in discriminating against Plaintiff Blank because of his association with a person protected by the MHRA (Plaintiff Gunner). (*See* "Exhibit 3," attached hereto and hereby incorporated as if fully set forth herein.)

16. On September 13, 2017, Plaintiff Gunner timely filed with the MCHR and the EEOC, by way of the EEOC, a Charge of Discrimination alleging violation by Defendants of the MHRA in discriminating and retaliating against Plaintiff Gunner because of her disability and request for accommodation of her disability. (*See* "Exhibit 4," attached hereto and hereby incorporated as if fully set forth herein.)

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

17. On or about September 29, 2017, Plaintiff Blank filed with the MCHR and EEOC, by way of the EEOC, an Amended Charge of Discrimination realleging violation by Defendants of the MHRA in discriminating against Plaintiff Blank related to his association with a person protected by the MHRA. (*See* "Exhibit 5," attached hereto and hereby incorporated as if fully set forth herein.)

18. On or about September 29, 2017, Plaintiff Gunner filed with the MCHR and EEOC, by way of the EEOC, an Amended Charge of Discrimination realleging violation by Defendants of the MHRA in discriminating and retaliating against Plaintiff Gunner because of her disability. (*See* "Exhibit 6," attached hereto and hereby incorporated as if fully set forth herein.)

19. The aforementioned Charges of Discrimination and Amended Charges of Discrimination (the "Charges") provided the MCHR and the EEOC sufficient opportunity to investigate the full scope of the controversy between Plaintiffs and Defendants, and, accordingly, the sweep of this action is within the broad scope that could reasonably be expected to have grown out of the Charges.

20. On December 21, 2018, the MCHR issued to Plaintiffs respective letters indicating their rights to bring a civil action against Defendants within ninety (90) days of the issuance of such notices. (*See* Exhibits 1-2.)

21. Thus, Plaintiffs have satisfied all private, administrative, and judicial prerequisites to the commencement of this action, which is hereby timely filed within all applicable statutes of limitations.

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

Factual Allegations Common to All Counts

22. The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

23. On or about July 17, 2016, Plaintiffs became employed by Defendants as Resident Managers at Defendants' location.

24. In addition to other monetary compensation and/or benefits, Plaintiffs received room and board from Defendants and resided at Defendants' location together in a single residential unit.

25. Throughout their employment, Plaintiffs regularly received positive feedback of their performances from Defendants and residents.

26. In approximately January of 2017, Andy Blalock was hired as Plaintiffs' new supervisor and, thereafter, provided Plaintiffs positive feedback of their performances.

27. On or about February 27, 2017, Plaintiff Gunner began suffering a serious physical impairment that substantially limited one or more of her major life activities; specifically, excruciating lower left abdomen pain that caused her difficulty walking, seeing, and other limitations in her major life activities ("disability").

28. Upon the onset of Plaintiff Gunner's disability, Plaintiffs notified Defendants of such disability and requested accommodation thereof by way of reallocation of Plaintiffs' joint employment responsibilities between each other but still provide for the satisfactory performance of all such responsibilities, which was granted by Defendants.

29. Thus, Plaintiff Gunner's disability, with or without reasonable accommodation, did not interfere with the performance of her employment responsibilities.

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

30. Within just weeks of notifying Defendants of Plaintiff Gunner's disability, however, Defendants' treatment of Plaintiff turned from positive to negative, including but not limited to:

a. Refusing to provide support as requested;

b. Questioning Plaintiffs' employment performances; and

c. Speaking to Plaintiffs disrespectfully and/or otherwise in a negative tone;

31. In approximately April of 2017, Plaintiffs arranged with Georgia Glass ("Glass"), Defendants' Human Resources department director, to travel to Colorado to seek medical treatment for Plaintiff Gunner's disability.

32. Plaintiff Blank's travel to Colorado with Plaintiff Gunner was necessitated by the severity of Plaintiff Gunner's disability and her need for emotional support from her husband.

33. Consistent with Defendants' previous patterns and practices, Plaintiffs made arrangements for coverage at Defendants' location during their travel to Colorado for such medical treatment.

34. On or about April 14 and 15, 2017, while still in Colorado, Plaintiffs notified Blalock and Glass that Plaintiff Gunner's medical treatment would require Plaintiffs to remain in Colorado longer than expected and requested further accommodation for her disability in allowing Plaintiffs to arrange extended coverage at Defendants' location, which Glass approved.

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

35. On or about April 24, 2017, however, while still in Colorado, Plaintiffs were notified by Blalock and Glass that their employments with Defendants were being terminated, effective May 2, 2017.

## COUNT I
## DISABILITY DISCRIMINATION: FAILURE TO ACCOMODATE
## Violation under RSMo. § 213.010 *et seq.*
## (PLAINTIFF GUNNER AGAINST DEFENDANTS)

36. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

37. Plaintiff Gunner is "disabled," and was so at all times relevant herein, as defined by the MHRA.

38. Defendants are "employers," and were so at all times relevant herein, as defined by the MHRA.

39. Plaintiff Gunner requested from Defendants accommodation of her disability by allowing Plaintiffs to remain in Colorado longer than expected and arrange extended coverage at Defendants' location.

40. Said requested accommodation was reasonable and could have been made by Defendants without significant and/or undue hardship.

41. Rather than so accommodating Plaintiffs, however, Defendants terminated Plaintiff Gunner's employment.

42. Plaintiff Gunner's disability was both a contributing and a motivating factor in Defendants' decision to terminate her employment rather than accommodate her reasonable request for accommodation thereof.

43. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff Gunner has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

44. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff Gunner has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

45. As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious and showed reckless indifference to and/or conscious disregard for the rights of others, namely those of Plaintiff Gunner, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter Defendants and others from like conduct in the future.

46. Plaintiff Gunner is entitled to recover reasonable attorneys' fees from Defendants, as provided by RSMo. § 213.111.2.

WHEREFORE, for good cause shown, Plaintiff Gunner prays this Honorable Court award her damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; reasonable attorneys' fees; costs; interest as allowable by law; and any other and further relief deemed just and proper.

## COUNT II
## DISABILITY DISCRIMINATION: ADVERSE EMPLOYMENT ACTION
## Violation under RSMo. § 213.010 *et seq.*
## (PLAINTIFF GUNNER AGAINST DEFENDANTS)

47. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.





Electronically Filed - Platte - March 21, 2019 - 10:59 PM

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

48. Plaintiff Gunner is "disabled," and was so at all times relevant herein, as defined by the MHRA.

49. Defendants are "employers," and were so at all times relevant herein, as defined by the MHRA.

50. Defendants' termination of Plaintiff Gunner's employment was an adverse employment action.

51. Plaintiff Gunner's disability was both a contributing and a motivating factor in Defendants' decision to terminate her employment.

52. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff Gunner has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

53. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff Gunner has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

54. As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious and showed reckless indifference to and/or conscious disregard for the rights of others, namely those of Plaintiff Gunner, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter Defendants and others from like conduct in the future.

55. Plaintiff Gunner is entitled to recover reasonable attorneys' fees from Defendants, as provided by RSMo. § 213.111.2.

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

WHEREFORE, for good cause shown, Plaintiff Gunner prays this Honorable Court award her damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; reasonable attorneys' fees; costs; interest as allowable by law; and any other and further relief deemed just and proper.

## COUNT III
## RETALIATION
## Violation under RSMo. § 213.010 *et seq.*
## (PLAINTIFF GUNNER AGAINST DEFENDANTS)

56. Plaintiffs hereby reallege and incorporate by reference each aforementioned Paragraph, as if fully set forth herein.

57. Plaintiff Gunner is "disabled," and was so at all times relevant herein, as defined by the MHRA.

58. Defendants are "employers," and were so at all times relevant herein, as defined by the MHRA.

59. Plaintiff Gunner requested from Defendants accommodation of her disability by allowing Plaintiffs to remain in Colorado longer than expected and arrange extended coverage at Defendants' location.

60. Said requested accommodation was reasonable and could have been made by Defendants without significant and/or undue hardship.

61. Said requested accommodation was a protected activity under the MHRA.

62. Rather than so accommodating Plaintiffs, however, Defendants terminated Plaintiff Gunner's employment.



Case 5:19-cv-06063-DGK Document 1-1 Filed 05/09/19 Page 11 of 31

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

63. Defendants' termination of Plaintiff Gunner's employment was an adverse employment action.

64. Plaintiff Gunner's request for reasonable accommodation of her disability was both a contributing and a motivating factor in Defendants' decision to terminate her employment.

65. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff Gunner has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

66. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff Gunner has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

67. As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious and showed reckless indifference to and/or conscious disregard for the rights of others, namely those of Plaintiff Gunner, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter Defendants and others from like conduct in the future.

68. Plaintiff Gunner is entitled to recover reasonable attorneys' fees from Defendants, as provided by RSMo. § 213.111.2.

WHEREFORE, for good cause shown, Plaintiff Gunner prays this Honorable Court award her damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; reasonable attorneys' fees; costs; interest as allowable by law; and any other and further relief deemed just and proper.

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

<u>COUNT IV</u>
<u>ASSOCIATION DISCRIMINATION</u>
<u>Violation under RSMo. § 213.070 *et seq.*</u>
<u>(PLAINTIFF BLANK AGAINST DEFENDANTS)</u>

69. Plaintiffs hereby reallege and incorporate by reference each aforementioned Paragraph, as if fully set forth herein.

70. Plaintiff Gunner is "disabled," and was so at all times relevant herein, as defined by the MHRA.

71. Defendants are "employers," and were so at all times relevant herein, as defined by the MHRA.

72. Plaintiff Gunner requested from Defendants accommodation of her disability by allowing Plaintiffs to remain in Colorado longer than expected and arrange extended coverage at Defendants' location.

73. Said requested accommodation was reasonable and could have been made by Defendants without significant and/or undue hardship.

74. Said requested accommodation was a protected activity under the MHRA.

75. Rather than so accommodating Plaintiffs, however, Defendants terminated Plaintiff Blank's employment.

76. Defendants' termination of Plaintiff Blank's employment was an adverse employment action.

77. Plaintiff Gunner's disability and request for reasonable accommodation thereof were both contributing and motivating factors in Defendants' decision to terminate her employment.

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

78. Plaintiff Blank's association with Plaintiff Gunner was both a contributing and motivating factor in Defendants' decision to terminate his employment.

79. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff Blank has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

80. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff Blank has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages.

81. As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious and showed reckless indifference to and/or conscious disregard for the rights of others, namely those of Plaintiff Blank, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter Defendants and others from like conduct in the future.

82. Plaintiff Blank is entitled to recover reasonable attorneys' fees from Defendants, as provided by RSMo. § 213.111.2.

WHEREFORE, for good cause shown, Plaintiff Blank prays this Honorable Court award her damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; reasonable attorneys' fees; costs; interest as allowable by law; and any other and further relief deemed just and proper.

<u>Demand for Jury Trial</u>

Plaintiffs request a trial by jury, in the Circuit Court of Platte County, Missouri, on any and all counts of this Petition.

Respectfully submitted,

ECCHER LAW GROUP

By: /s/ John M. Eccher
John M. Eccher, #62869
1034 S. Brentwood Blvd.
23rd Floor, Ste. Penthouse 1C
Saint Louis, MO 63117
Telephone: (314) 293-3034
Facsimile: (314) 293-3280
jeccher@eccherlawgroup.com

*ATTORNEY FOR PLAINTIFFS*

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

EXHIBIT
19AE-CC00097

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| | | | |
|---|---|---|---|
| MICHAEL L. PARSON<br>GOVERNOR | ANNA S. HUI<br>DEPARTMENT DIRECTOR | MELODY A. SMITH, ED.D.<br>ACTING COMMISSION CHAIR | ALISA WARREN, PH.D.<br>EXECUTIVE DIRECTOR |

December 21, 2018

FE-9/17-28105
Administrative Use/Records

Aaron Blank
c/o John M. Eccher
1034 S. Brentwood Blvd., Ste. PH-1C
St. Louis, MO 63117
*Via email*

RE: Blank vs. Resort Lifestyle Communities, Inc. et al
FE-9/17-28105 560-2017-02045

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court. Any such petition must be filed in the circuit court of Cole County.

(continued on next page)


| ☐ | ☐ | ☐ | ☒ | ☐ |
|---|---|---|---|---|
| 3315 W. TRUMAN BLVD.<br>P.O. BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>PHONE: 573-751-3325<br>FAX: 573-751-2905 | 111 N. 7TH STREET, SUITE 903<br>ST. LOUIS, MO 63101-2100<br>PHONE: 314-340-7590<br>FAX: 314-340-7238 | P.O. BOX 1300<br>OZARK, MO 65721-1300<br>FAX: 417-485-6024 | 1410 GENESSEE, SUITE 260<br>KANSAS CITY, MO 64102<br>FAX: 816-889-3582 | 106 ARTHUR STREET<br>SUITE D<br>SIKESTON, MO 63801-5454<br>FAX: 573-472-5321 |


*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY: 1-800-735-2966 (TDD) Relay Missouri: 711
www.labor.mo.gov/mohumanrights E-Mail: mchr@labor.mo.gov

RE: Blank vs. Resort Lifestyle Communities, Inc. et al
FE-9/17-28105 560-2017-02045

Respectfully,

Alisa Warren, Ph.D.
Executive Director

Resort Lifestyle Communities, Inc.
Georgia Glass
8040 Eiger Dr.
Lincoln, NE 68516

Riverstone Retirement Community LLC
Andy Blalock
9000 N. Congress Ave.
Kansas City, MO 64153

3315 W. Truman Blvd.
P.O. Box 1129
Jefferson City, MO 65102-1129
Phone: 573-751-3325
Fax: 573-751-2905

111 N. 7th Street, Suite 903
St. Louis, MO 63101-2100
Phone: 314-340-7590
Fax: 314-340-7238

P.O. Box 1300
Ozark, MO 65721-1300
Fax: 417-485-6024

1410 Genessee, Suite 260
Kansas City, MO 64102
Fax: 816-889-3582

106 Arthur Street
Suite D
Sikeston, MO 63801-5454
Fax: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY: 1-800-735-2966 (TDD) Relay Missouri: 711
www.labor.mo.gov/mohumanrights E-Mail: mchr@labor.mo.gov

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

EXHIBIT
2

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

MICHAEL L. PARSON
GOVERNOR

ANNA S. HUI
DEPARTMENT DIRECTOR

MELODY A. SMITH, ED.D.
ACTING COMMISSION CHAIR

ALISA WARREN, PH.D.
EXECUTIVE DIRECTOR

FE-9/17-28108
Administrative Use/Records

December 21, 2018

Karla Gunner
c/o John M. Eccher
1034 S. Brentwood Blvd., Ste. PH-1C
St. Louis, MO 63117
*Via email*

RE: Gunner vs. Resort Lifestyle Communities, Inc. et al
FE-9/17-28108 560-2017-02043

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court. Any such petition must be filed in the circuit court of Cole County.

(continued on next page)

☐ 3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ 111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ P.O. BOX 1300
OZARK, MO 65721-1300
FAX: 417-485-6024

☒ 1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

☐ 106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY: 1-800-735-2966 (TDD) Relay Missouri: 711
www.labor.mo.gov/mohumanrights E-Mail: mchr@labor.mo.gov

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

RE: Gunner vs. Resort Lifestyle Communities, Inc. et al
FE-9/17-28108 560-2017-02043

Respectfully,

Alisa Warren, Ph.D.
Executive Director

Resort Lifestyle Communities, Inc.
Georgia Glass
8040 Eiger Dr.
Lincoln, NE 68516

Riverstone Retirement Community LLC
Andy Blalock
9000 N. Congress Ave.
Kansas City, MO 64153

3315 W. Truman Blvd.
P.O. Box 1129
Jefferson City, MO 65102-1129
Phone: 573-751-3325
Fax: 573-751-2905

111 N. 7th Street, Suite 903
St. Louis, MO 63101-2100
Phone: 314-340-7590
Fax: 314-340-7238

P.O. Box 1300
Ozark, MO 65721-1300
Fax: 417-485-6024

1410 Genessee, Suite 260
Kansas City, MO 64102
Fax: 816-889-3582

106 Arthur Street
Suite D
Sikeston, MO 63801-5454
Fax: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY: 1-800-735-2966 (TDD) Relay Missouri: 711
www.labor.mo.gov/mohumanrights E-Mail: mchr@labor.mo.gov

EXHIBIT
tabbies
3

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented to: Agency

X FEPA
X EEOC

**Missouri Commission on Human Rights** and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Aaron M. Blank** | **(314) 293-3034** | **04/04/1975** |

Street Address / City, State and ZIP Code
**1034 S. Brentwood Blvd., Ste. PH-1C, Saint Louis, Missouri 63117**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Riverstone Retirement Community LLC** | **15+** | **(816) 399-0732** |

Street Address / City, State and ZIP Code
**9000 N. Congress Ave., Kansas City, MO 64153**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Resort Lifestyle Communities, Inc.** | **15+** | **(402) 420-2311** |

Street Address / City, State and ZIP Code
**8040 Eiger Dr., Lincoln, NE 68516**

DISCRIMINATION BASED ON (*Check appropriate box(es)*)

___ RACE ___ COLOR ___ SEX ___ RELIGION ___ NATIONAL ORIGIN

X RETALIATION ___ AGE X DISABILITY X OTHER (specify below)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| **02/27/2017** | **05/02/2017** |

___ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

**See attached "PARTICULARS."**

SPECIFIC OTHER BASIS FOR DISCRIMINATION
**Association Discrimination/Retaliation**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLANANT

8-25-2017 [signature]
Date — *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

## PARTICULARS

I became employed as a Resident Manager for Resort Lifestyle Communities, Inc. ("RLC") on or about July 17, 2016, on which date, my wife, Karla Gunner ("Karla"), also became employed as a Resident Manager for RLC. After approximately one month of training in Texas and Tennessee, RLC placed Karla and I each in the position of Co-Resident Manager at Riverstone Retirement Resort ("Riverstone"), a senior lifestyle community, in Kansas City, Missouri, where we resided onsite together.

RLC purports to own, operate, and/or otherwise legally control and paid me for my services rendered to Riverstone. However, I am under information and belief that Riverstone is also owned, operated, and/or otherwise legally controlled by Riverstone Retirement Community LLC ("RRC"), a separate legal entity owned, operated, and/or otherwise legally controlled by RLC. Thus, I believe that I was jointly employed by RLC and RRC (collectively, the "company") while working at Riverstone.

From the start of our employment at Riverstone through approximately the spring of 2017, both Karla and I received countless positive acknowledgments and/or reviews of our work as Co-Resident Managers at Riverstone from both clients/residents and the company's managers/supervisors alike.

On or about February 27, 2017, Karla began suffering serious physical and/or mental impairments that substantially limited one or more of her major life activities but that, with or without reasonable accommodation, did not interfere with her performance of her job ("disability"). Specifically, Karla began experiencing excruciating paid in her lower left abdomen that caused her to have difficulty walking and seeing, as well as other limitations of her major life activities. Karla continues to suffer from this disability through the date of the filing of this Charge of Discrimination.

Immediately thereafter, Karla and I notified the company of her disability and requested that her disability be accommodated by allowing Karla to perform the administrative tasks of our positions at Co-Resident Managers from our onsite residence and me to perform all other tasks required by our positions, which was approved by a member of the company's Human Resources department ("HR").

Within two weeks of our notification to HR of Karla's disability, Karla and I began being treated negatively by our manager/supervisor, Andy Blalock ("Blalock"); having another manager/supervisor of the company, Steve Mueller, visit Riverstone unannounced to interview long-term clients/residents regarding Karla's and my leadership at Riverstone; and having Karla's and my job performance questioned.

In approximately April of 2017, after arranging for the same with HR, Karla and I traveled to Colorado to seek further medical treatment related to her disability. While still in Colorado for the same, Blalock notified Karla and me, on or about April 24, 2017, that, effective on or about May 2, 2017, Karla and I were terminated from the company and would need to vacate our onsite residence.



Case 5:19-cv-06063-DGK Document 1-1 Filed 05/09/19 Page 21 of 31

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

I believe that the company's actions against me were in violation of federal, state, and/or other antidiscrimination and/or antiretaliation law, including but not limited to the Missouri Human Rights Act's prohibition of discrimination and/or retaliation for associating with a disabled person.



Case 5:19-cv-06063-DGK Document 1-1 Filed 05/09/19 Page 22 of 31

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented to: Agency(ies)

X FEPA

X EEOC

**Missouri Commission on Human Rights** and EEOC

*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Karla K. Gunner** | **(314) 293-3034** | **09/02/1966** |

Street Address / City, State and ZIP Code

**1034 S. Brentwood Blvd., Ste. PH-1C, Saint Louis, Missouri 63117**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Riverstone Retirement Community LLC** | **15+** | **(816) 399-0732** |

Street Address / City, State and ZIP Code

**9000 N. Congress Ave., Kansas City, MO 64153**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Resort Lifestyle Communities, Inc.** | **15+** | **(402) 420-2311** |

Street Address / City, State and ZIP Code

**8040 Eiger Dr., Lincoln, NE 68516**

DISCRIMINATION BASED ON (*Check appropriate box(es)*)

__ RACE __ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN

X RETALIATION __ AGE X DISABILITY __ OTHER (specify below)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| **02/27/2017** | **05/02/2017** |

__ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

**See attached "PARTICULARS."**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLANANT

8-25-2017 [signature]

*Date* *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

## PARTICULARS

I became employed as a Resident Manager for Resort Lifestyle Communities, Inc. ("RLC") on or about July 17, 2016. After approximately one month of training in Texas and Tennessee, RLC placed me in the position of Co-Resident Manager, along with my husband, at Riverstone Retirement Resort ("Riverstone"), a senior lifestyle community, in Kansas City, Missouri, where we resided onsite together.

RLC purports to own, operate, and/or otherwise legally control and paid me for my services rendered to Riverstone. However, I am under information and belief that Riverstone is also owned, operated, and/or otherwise legally controlled by Riverstone Retirement Community LLC ("RRC"), a separate legal entity owned, operated, and/or otherwise legally controlled by RLC. Thus, I believe that I was jointly employed by RLC and RRC (collectively, the "company") while working at Riverstone.

From the start of my employment at Riverstone through approximately the spring of 2017, both my husband and I received countless positive acknowledgments and/or reviews of our work as Co-Resident Managers at Riverstone from both clients/residents and the company's managers/supervisors alike.

On or about February 27, 2017, I began suffering serious physical and/or mental impairments that substantially limited one or more of my major life activities but that, with or without reasonable accommodation, did not interfere with my performance of my job ("disability"). Specifically, I began experiencing excruciating pain in her lower left abdomen that caused me to have difficulty walking and seeing, as well as other limitations of my major life activities. I continue to suffer from this disability through the date of the filing of this Charge of Discrimination.

Immediately thereafter, I notified the company of my disability and requested that my disability be accommodated by allowing me to perform the administrative tasks of our positions at Co-Resident Managers from our onsite residence and my husband to perform all other tasks required by our positions, which was approved by a member of the company's Human Resources department ("HR").

Within two weeks of my notification to HR of my disability, my husband and I began being treated negatively by our manager/supervisor, Andy Blalock ("Blalock"); having another manager/supervisor of the company, Steve Mueller, visit Riverstone unannounced to interview long-term clients/residents regarding my husband's and my leadership at Riverstone; and having my husband's and my job performance questioned.

In approximately April of 2017, after arranging for the same with HR, I traveled with my husband to Colorado to seek further medical treatment related to my disability. While still in Colorado for the same, Blalock notified my husband and me, on or about April 24, 2017, that, effective on or about May 2, 2017, both my husband and I were terminated from the company and would need to vacate our onsite residence.

I believe that the company's actions against me were in violation of federal, state, and/or other antidiscrimination and/or antiretaliation law, including but not limited to discrimination based upon my disability, lack of accommodation for my disability, and retaliation for requesting accommodation for my disability.



Electronically Filed - Platte - March 21, 2019 - 10:59 PM

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

EXHIBIT 5

# COMPLAINING PARTY'S FIRST AMENDED CHARGE OF DIS

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented to: Agenc

X FEPA
X EEOC

**Missouri Commission on Human Rights** and EEOC

*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Aaron M. Blank** | **(314) 293-3034** | **04/04/1975** |

Street Address / City, State and ZIP Code
**1034 S. Brentwood Blvd., Ste. PH-1C, Saint Louis, Missouri 63117**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Riverstone Retirement Community LLC** | **15+** | **(816) 399-0732** |

Street Address / City, State and ZIP Code
**9000 N. Congress Ave., Kansas City, MO 64153**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Resort Lifestyle Communities, Inc.** | **15+** | **(402) 420-2311** |

Street Address / City, State and ZIP Code
**8040 Eiger Dr., Lincoln, NE 68516**

DISCRIMINATION BASED ON (*Check appropriate box(es)*)

__ RACE __ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN

X RETALIATION __ AGE X DISABILITY X OTHER (specify below)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| **02/27/2017** | **05/02/2017** |

__ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):
**See attached "PARTICULARS."**

SPECIFIC OTHER BASIS FOR DISCRIMINATION
**Association Discrimination/Retaliation**

Additional Employers, Labor Organizations, Employment Agencies, Apprenticeship Committees, or State or Local Government Agencies that I believe Discriminated Against Me or Others:
**Andy Blalock – Manager/Supervisor – 9000 N. Congress Ave., Kansas City, MO 64153 – (816) 399-0732**
**Georgia Glass – Manager/Supervisor – 8040 Eiger Dr., Lincoln, NE 68516 – (402) 420-2311**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLANANT

9-29-2017 [signature]
*Date* *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

## PARTICULARS

I became employed as a Resident Manager for Resort Lifestyle Communities, Inc. ("RLC") on or about July 17, 2016, on which date, my wife, Karla Gunner ("Karla"), also became employed as a Resident Manager for RLC. After approximately one month of training in Texas and Tennessee, RLC placed Karla and I each in the position of Co-Resident Manager at Riverstone Retirement Resort ("Riverstone"), a senior lifestyle community, in Kansas City, Missouri, where we resided onsite together.

RLC purports to own, operate, and/or otherwise legally control and paid me for my services rendered to Riverstone. However, I am under information and belief that Riverstone is also owned, operated, and/or otherwise legally controlled by Riverstone Retirement Community LLC ("RRC"), a separate legal entity owned, operated, and/or otherwise legally controlled by RLC. Thus, I believe that I was jointly employed by RLC and RRC (collectively, the "company") while working at Riverstone.

From the start of our employment at Riverstone through approximately the spring of 2017, both Karla and I received countless positive acknowledgments and/or reviews of our work as Co-Resident Managers at Riverstone from both clients/residents and the company's managers/supervisors alike.

On or about February 27, 2017, Karla began suffering serious physical and/or mental impairments that substantially limited one or more of her major life activities but that, with or without reasonable accommodation, did not interfere with her performance of her job ("disability"). Specifically, Karla began experiencing excruciating pain in her lower left abdomen that caused her to have difficulty walking and seeing, as well as other limitations of her major life activities. Karla continues to suffer from this disability through the date of the filing of this Charge of Discrimination.

Immediately thereafter, Karla and I notified the company of her disability and requested that her disability be accommodated by allowing Karla to perform the administrative tasks of our positions at Co-Resident Managers from our onsite residence and me to perform all other tasks required by our positions, which was approved by a member of the company's Human Resources department ("HR").

Within two weeks of our notification to HR of Karla's disability, Karla and I began being treated negatively by our manager/supervisor, Andy Blalock ("Blalock"); having another manager/supervisor of the company, Steve Mueller, visit Riverstone unannounced to interview long-term clients/residents regarding Karla's and my leadership at Riverstone; and having Karla's and my job performance questioned.

In approximately April of 2017, after arranging for the same with HR, Karla and I traveled to Colorado to seek further medical treatment related to her disability. While still in Colorado for the same, Blalock and Georgia Glass, a Human Resources manager/supervisor, notified Karla and me, on or about April 24, 2017, that, effective on or about May 2, 2017, Karla and I were terminated from the company and would need to vacate our onsite residence.

I believe that the company's actions against me were in violation of federal, state, and/or other antidiscrimination and/or antiretaliation law, including but not limited to the Missouri Human Rights Act's prohibition of discrimination and/or retaliation for associating with a disabled person.



Electronically Filed - Platte - March 21, 2019 - 10:59 PM

EXHIBIT
6

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

# COMPLAINING PARTY'S FIRST AMENDED CHARGE OF DIS[...]

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented to: Agency

X FEPA
X EEOC

**Missouri Commission on Human Rights** and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Karla K. Gunner** | **(314) 293-3034** | **09/02/1966** |

Street Address / City, State and ZIP Code
**1034 S. Brentwood Blvd., Ste. PH-1C, Saint Louis, Missouri 63117**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Riverstone Retirement Community LLC** | **15+** | **(816) 399-0732** |

Street Address / City, State and ZIP Code
**9000 N. Congress Ave., Kansas City, MO 64153**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Resort Lifestyle Communities, Inc.** | **15+** | **(402) 420-2311** |

Street Address / City, State and ZIP Code
**8040 Eiger Dr., Lincoln, NE 68516**

DISCRIMINATION BASED ON (*Check appropriate box(es)*)

__ RACE __ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN

X RETALIATION __ AGE X DISABILITY __ OTHER (specify below)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| **02/27/2017** | **05/02/2017** |

__ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):
**See attached "PARTICULARS."**

Additional Employers, Labor Organizations, Employment Agencies, Apprenticeship Committees, or State or Local Government Agencies that I believe Discriminated Against Me or Others:
**Andy Blalock – Manager/Supervisor – 9000 N. Congress Ave., Kansas City, MO 64153 – (816) 399-0732**
**Georgia Glass – Manager/Supervisor – 8040 Eiger Dr., Lincoln, NE 68516 – (402) 420-2311**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

9-29-2017 [signature]
*Date* *Charging Party Signature*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLANANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

Electronically Filed - Platte - March 21, 2019 - 10:59 PM

## PARTICULARS

I became employed as a Resident Manager for Resort Lifestyle Communities, Inc. ("RLC") on or about July 17, 2016. After approximately one month of training in Texas and Tennessee, RLC placed me in the position of Co-Resident Manager, along with my husband, at Riverstone Retirement Resort ("Riverstone"), a senior lifestyle community, in Kansas City, Missouri, where we resided onsite together.

RLC purports to own, operate, and/or otherwise legally control, and paid me for my services rendered at, Riverstone. However, I am under information and belief that Riverstone is also owned, operated, and/or otherwise legally controlled by Riverstone Retirement Community LLC ("RRC"), a separate legal entity owned, operated, and/or otherwise legally controlled by RLC. Thus, I believe that I was jointly employed by RLC and RRC (collectively, the "company") while working at Riverstone.

From the start of my employment at Riverstone through approximately the spring of 2017, both my husband and I received countless positive acknowledgments and/or reviews of our work as Co-Resident Managers at Riverstone from both clients/residents and the company's managers/supervisors alike.

On or about February 27, 2017, I began suffering serious physical and/or mental impairments that substantially limited one or more of my major life activities but that, with or without reasonable accommodation, did not interfere with my performance of my job ("disability"). Specifically, I began experiencing excruciating pain in my lower left abdomen that caused me to have difficulty walking and seeing, as well as other limitations of my major life activities. I continue to suffer from this disability through the date of the filing of this Charge of Discrimination.

Immediately thereafter, I notified the company of my disability and requested that my disability be accommodated by allowing me to perform the administrative tasks of our positions at Co-Resident Managers from our onsite residence and my husband to perform all other tasks required by our positions, which was approved by a member of the company's Human Resources department ("HR").

Within two weeks of my notification to HR of my disability, my husband and I began being treated negatively by our manager/supervisor, Andy Blalock ("Blalock"); having another manager/supervisor of the company, Steve Mueller, visit Riverstone unannounced to interview long-term clients/residents regarding my husband's and my leadership at Riverstone; and having my husband's and my job performance questioned.

In approximately April of 2017, after arranging for the same with HR, I traveled with my husband to Colorado to seek further medical treatment related to my disability. While still in Colorado for the same, Blalock and Georgia Glass, a Human Resources manager/supervisor, notified my husband and me, on or about April 24, 2017, that, effective on or about May 2, 2017, both my husband and I were terminated from the company and would need to vacate our onsite residence.

I believe that the company's actions against me were in violation of federal, state, and/or other antidiscrimination and/or antiretaliation law, including but not limited to discrimination based upon my disability, lack of accommodation for my disability, and retaliation for requesting accommodation for my disability.



Electronically Filed - Platte - March 21, 2019 - 10:59 PM